

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00296-CV

———————————————

DEBRA DALTON, INDIVIDUALLY AND AS INDEPENDENT
ADMINISTRATOR OF THE ESTATE OF MARGARET COBB, Appellant

V.

ROBJA, LC D/B/A SERVPRO OF FLOWER MOUND, Appellee

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 20-7018-442

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Debra Dalton, Individually and as Independent Administrator of the Estate of Margaret Cobb, attempts to appeal from the trial court's interlocutory "Order Granting Defendant Robja, LC's Motion to Compel Production and Inspection of Tangible Things from Plaintiff and for Sanctions" in which the trial court struck Dalton's deposition errata sheets.[1] *See* Tex. R. Civ. P. 203.1(b), 215.2(b), 215.3.

We notified Dalton of our concern that we lack jurisdiction over this appeal because the trial court's order did not appear to be a final judgment or appealable interlocutory order. We warned Dalton that we would dismiss the appeal for want of jurisdiction unless she or any party desiring to continue the appeal filed a response within ten days showing grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3. Ten days have passed, and we have not received a response.

We have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. "Discovery orders are generally not immediately appealable." *Shanks v. Wair*, No. 02-20-00138-CV, 2020 WL 5415225, at *1 (Tex. App.—Fort Worth Sept. 10, 2020, no pet.) (per curiam) (mem. op.) (citing *Pelt v. State Bd. of Ins.*, 802 S.W.2d

---

[1]On August 30, 2022, we denied Dalton's mandamus petition challenging the same order. *See In re Dalton*, No. 02-22-00298-CV, 2022 WL 3755905, at *1 (Tex. App.—Fort Worth Aug. 30, 2022, orig. proceeding) (per curiam) (mem. op.).

822, 826 (Tex. App.—Austin 1990, no writ)); *see Edwards v. Panda Express Inc.*, No. 05-19-00715-CV, 2019 WL 4027082, at *1 (Tex. App.—Dallas Aug. 27, 2019, no pet.) (mem. op.) ("Discovery orders are interlocutory in nature and therefore not appealable until after a final judgment is entered."). Because the legislature has not specified that interlocutory discovery orders are immediately appealable, we dismiss this appeal for want of jurisdiction. *See Shanks*, 2020 WL 5415225, at *1; *Edwards*, 2019 WL 4027082, at *1; *see also* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: September 22, 2022